IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOMINIQUE TREYMAINE GULLEY,

                Plaintiff,                OPINION AND ORDER

  v.

                                        13-cv-678-wmc

TIMOTHY HAINES, JEROME SWEENEY,
and DAVID GARDNER,

                Defendants.

---

      Plaintiff Dominique Treymaine Gulley alleges that the Warden, Security Director and Administrative Captain at the Wisconsin Secure Program Facility all acted with deliberate indifference to his serious mental health needs in violation of his Eighth Amendment rights. Gulley asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915. From his financial affidavit, the court concluded that Gulley is unable to prepay the full fee for filing this lawsuit and he has made the initial partial payment of $0.20 required of him under § 1915(b)(1). Typically, the court would now screen Gulley's complaint pursuant to the Prison Litigation Reform Act ("PLRA") and dismiss any portion that is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Before screening, however, the court will require Gulley to demonstrate that he has exhausted his administrative remedies, particularly in light of Gulley having filed the same claim without fully exhausting once before.

ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.[1]  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  Gulley alleges, and the court assumes for purposes of this screening order, the following facts:

- Plaintiff Dominique Gulley Treymaine Gulley (a/k/a Dominique T. Gulley, Dominique Kelondre Gulley, and Ahmad Razeák) was an inmate at Wisconsin Secure Program Facility ("WSPF") in Boscobel, Wisconsin, when he filed this complaint.  From the court's review of Department of Correction's offender search website, Gulley now appears to be incarcerated at the Supervised Living Facility in Winnebago, Wisconsin.

- Defendants Timothy Haines is the Warden of WSPF; Jerome Sweeney is its Security Director; and David Gardner is its Administrative Captain.

- Gulley alleges that he has been diagnosed with ADHD, OCD, ODD, bipolar disorder, conduct disorder, PTDS, anxiety, multiple personality disorder, schizophrenia disorder, borderline personality disorder, explosive disorder and paranoid schizophrenia disorder.  (Compl. (dkt. #1) p.3.)

- During his incarceration at WSPF, Gulley further alleges that defendants were not doing "anything to help me," including transferring him to another institution, such as one that specializes in mental health treatment.

- Gulley also complains that supermax incarceration exacerbates mental health issues by (1) restricting time outside of a cell to one hour and fifteen minutes per week; (2) having no interactions with other individuals, including guards; (3) illuminating his cell for twenty-four hours per day; (4) providing no outdoor exercise; (5) restricting personal belonging; (6) being exposed to wild temperature fluctuations; and (7) having visits only via video screens.  (*Id.* at p.5.)

- Given his mental health issues, Gulley claims that he has a "difficult time handling these conditions of extreme social isolation and sensory deprivation, my mental health problems and behavior problems are worsening," and he runs "a high risk of breaking down and attempting suicide."  (*Id.*)

---

[1] Gonzalez attached various materials to the complaint, including a cover letter to the court dated September 15, 2013 (dkt. #1-5 at pp.1-2).  The court has considered these other materials in setting forth Gonzalez's allegations.

- Gulley seeks an order requiring him to be transferred to a facility like the Kenosha Correctional Center / Mental Health Institution or Winnebago Mental Health Institution, and $10,895 in damages for psychological distress.

OPINION

As indicated above, Gulley previously filed a similar lawsuit in this court concerning the treatment of his mental health issues at WSPF. In *Gulley v. Wisconsin Secure Program Facility*, No. 12-cv-207 (W.D. Wis. Mar. 23, 2012), the court denied him leave to proceed with that lawsuit, in part, because Gulley acknowledged in his complaint a failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997(e).[2] In this complaint, Gulley is silent as to his use of the grievance process. While exhaustion typically is not addressed at the screening step, given Gulley's failure to exhaust the exact claim previously, the court will require him to submit evidence showing that he exhausted his proposed Eighth Amendment claim before granting him leave to proceed.

In light of Gulley's apparent transfer to Winnebago -- a move which appears to moot any prospective relief -- Gulley will also be required to state whether his transfer occurred during and/or as a result of his administrative grievance (assuming he filed one). Before proceeding with a claim for past monetary damages, Gulley will also need to state

---

[2] Gulley also filed, and was granted leave to proceed with a separate complaint against a WSPF doctor on the basis that she violated his Eighth Amendment rights by being deliberately indifference to his serious mental health needs. *Gulley v. Becker*, No. 11-cv-704-wmc (W.D. Wis. Oct. 31, 2011). Gulley subsequently requested that his claim be dismissed without prejudice, which the court granted.

how each of the named defendants were *directly* involved in the decision to place Gulley in and/or deny his transfer from WSPF despite his alleged mental health issues.

ORDER

IT IS ORDERED that:

1) Plaintiff Dominique Treymaine Gulley's request for leave to proceed is DENIED AT THIS TIME; and

2) Plaintiff may have until January 13, 2014, to submit evidence demonstrating that he exhausted his administrative remedies, and state whether his transfer to Winnebago occurred during and/or as a result of the administrative process. If plaintiff fails to respond by that date, then the clerk of court is directed to close this case for petitioner's failure to prosecute. If plaintiff submits a revised complaint by that date, the court will take that complaint under advisement for screening pursuant to 28 U.S.C. § 1915A.

Entered this 23rd day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge